

CR-07-238-PA

JUDGE DAVID A. KATZ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **I N D I C T M E N T** |
| Plaintiff, | ) | 3:02CR807 |
| | ) | Cr. No. _____ |
| vs. | ) | Title 18, |
| | ) | United States Code, |
| DONALD N. CALHOUN and | ) | Sections 371, 1343 |
| RONALD D. GRENOBLE, | ) | and 2 |
| | ) | |
| Defendants. | ) | |

## COUNT 1 (conspiracy)

The Grand Jury charges:

A.   **The Conspiracy and Its Objects**

1.   From in or about March, 1996, to in or about June, 1998,
in the Northern District of Ohio, Western Division, and
elsewhere, defendants, DONALD N. CALHOUN and RONALD D. GRENOBLE,
knowingly and willfully conspired and agreed together and with
other persons known and unknown to the grand jury, to commit
certain offenses against the United States, namely:

a.   the defendants willfully and knowingly devised and
intended to devise a scheme and artifice to
defraud and obtain money by means of fraudulent

**COPY**

I hereby certify that this instrument is a true and
correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: _____
Deputy Clerk

and false pretenses, representations, and
promises, and for the purpose of executing and in
order to effect the scheme and artifice to defraud
and obtain money by means of fraudulent and false
pretenses, did knowingly transmit and cause to be
transmitted communications by means of wire
communications in interstate and foreign commerce,
in violation of 18 U.S.C. §1343.

B.   Manner and Means of the Conspiracy

2. It was part of the conspiracy that defendants DONALD N.
CALHOUN, RONALD D. GRENOBLE and others would solicit investors to
invest in trading programs involving high yield bank instruments
and other investments.  Investors were told that with an
investment of three million dollars ($3,000,000) they would
obtain a profit of four million dollars ($4,000,000) per week for
forty weeks.

3.  It was further part of the conspiracy that defendants
DONALD N. CALHOUN and RONALD D. GRENOBLE and others defrauded and
obtained approximately $1,800,000 from investors by means of
fraudulent and false pretenses.     .

4.  It was further part of the conspiracy that defendants
DONALD N. CALHOUN and RONALD D. GRENOBLE and others diverted to
their personal use and uses unrelated to the purported
investment, the funds obtained from the investors.

2

C.   Overt Acts

     5.  To achieve the objects of the conspiracy and in furtherance thereof, the following acts were committed:

          a.   In or about April 1996, Walter Metcalf met with a group of potential investors including Glenn W. McLaughlin and Richard Dunn.  At that meeting, Metcalf told the potential investors that he and defendant RONALD D. GRENOBLE were co-owners of a company named Syzygy, L.L.C.  Metcalf advised that the company could get them access to an investment program with a trader.  The investment was described as the buying and selling of high yield bank instruments.  Metcalf advised the investors that they needed to raise three million dollars ($3,000,000), which would be pooled with other investment sources to form collateral for a one hundred million dollar ($100,000,000) trading account.  Metcalf stated that potential profits on the investment could be four million dollars ($4,000,000) per week.

          b.   At this same meeting a telephone call was placed to defendant RONALD D. GRENOBLE who reiterated the representations made by Metcalf.  GRENOBLE stated that he had been involved in the investment

3

    program successfully in the past, was currently
active in it and had made money in it.

c.   On or about April 29, 1996, Glenn McLaughlin,
Richard Dunn, and others formed an investment
partnership in Huron, Ohio, named Ronbec.

d.   In or about May 1996, Glenn McLaughlin on behalf
of Ronbec signed a "Joint Venture Agreement" with
Syzygy, L.L.C., managing directors Walter Metcalf
and defendant RONALD D. GRENOBLE, in which the
parties were to participate in what was referred
to as "The Trading Program".

e.   In or about May 1996, a "Matrix Double Guarantee
High Yield Investment Program" contract was
entered into by Glenn McLaughlin on behalf of
Ronbec and Syzygy, L.L.C., and defendant DONALD N.
CALHOUN on behalf of King Darius Mining Company
and Mobilization for Funds.

f.   In or about May 1996, defendant DONALD N. CALHOUN,
representing himself to be the "Ambassador" on
behalf of the trading entity King Darius Mining
Company and Mobilization for Funds had Ronbec
grant him power of attorney to conduct specified
financial transactions.

g.   On or about June 6, 1996, Ronbec opened an

4

investment account with Bear Stearns Securities
Corp. with an initial deposit of three million
dollars ($3,000,000), which funds were wired from
the Ronbec account at Huntington Bank, Columbus,
Ohio, to Bear Stearns account at Citibank, New
York, New York.

h.  On or about June 12, 1996, at the direction of
defendant DONALD N. CALHOUN, approximately one
million eight hundred thousand dollars
($1,800,000) was wired from Ronbec's Bear Stearns
account in New York City to the account of Capital
Mortgage at Bank of America, Altadena, California.

i.  From on or about June 11, 1996, to on or about
July 8, 1996, defendant DONALD N. CALHOUN withdrew
approximately $125,000 in Ronbec funds from the
Capital Mortgage account for his personal benefit.

j.  On or about June 27, 1996, approximately $145,000
was wired from the Capital Mortgage account to
defendant RONALD D. GRENOBLE.

k.  On or about June 27, 1996, approximately $145,000
was wired from the Capital Mortgage account to
Frank Jones, now deceased.

l.  In or about January 1997, defendant RONALD D.
GRENOBLE had a conference call with Richard Dunn

5

and a third person GRENOBLE falsely represented to be a Deputy Director of the United States Treasury.  That individual, Frank Jones, assured Dunn that the investment program was legitimate and apologized for the delays in disbursement of funds to the investors.

m.   On or about June 27, 1996, approximately $900,000 was wire transferred from the Capital Mortgage account to the Baker & McKenzie Trust account at the Marine Midland Bank, New York City, New York.

n.   On or about June 27, 1996, approximately $900,000 was wire transferred from the Baker & McKenzie Trust account at the Marine Midland Bank, New York City, New York to the Baker & McKenzie account at the Hong Kong Bank of Canada, Toronto, Ontario.

o.   On or about July 4, 1996, a certified check drawn on the Hong Kong Bank of Canada, Baker & McKenzie account, in the amount of approximately $899,994.49, made payable to Capital Mortgage was deposited into the Capital Mortgage account at the Toronto Dominion Bank, Waterdown, Ontario.

p.   On or about July 11, 1996, Capital Mortgage and Development was registered with the Ontario Ministry of Consumer and Commercial Relations as a

6

sole proprietorship, carrying on the business of
"Providing of Mortgage and Development FU".
Defendant DONALD NORVILE [sic.] CALHOUN was listed
as the registrant.

q.   On or about July 18, 1996, approximately
$900,094.49 was wired from the Capital Mortgage
account at the Toronto Dominion Bank, Waterdown,
Ontario, to the Bank of Nova Scotia, Toronto,
Ontario.

r.   On or about July 24, 1996, approximately
$900,094.49 was wired from the Bank of Nova
Scotia, Toronto, Ontario, to the Capital Mortgage
account at the Toronto Dominion Bank, Waterdown,
Ontario.

s.   On or about July 26, 1996, approximately
$899,924.49 was wired from the Capital Mortgage
account at the Toronto Dominion Bank, Waterdown,
Ontario, to the Bhalwani/Calhoun account at the
Royal Bank of Canada, Brampton, Ontario.

t.   On or about July 1, 1996, an account was opened at
the Bank of America, in the name of KDMMF
Associates, L.L.C. with the signatories on the
account being defendant DONALD N. CALHOUN and
Vinodkumtr Patel.

u.  On or about August 1, 1996, approximately
$325,066.14 was wired from the Bhalwani/Calhoun
account at the Royal Bank of Canada, Brampton,
Ontario, to the KDMMF Associates, L.L.C. account
at the Bank of America, Altadena, California.

v.  From on or about August 5, 1996, to on or about
December 13, 1996, defendant DONALD N. CALHOUN
wrote checks from the KDMMF Associates, L.L.C.
account for personal and other expenditures that
were not investments on behalf of Ronbec, which
checks expended the funds wired from the
Bhalwani/Calhoun account at the Royal Bank of
Canada.

In violation of Title 18, United States Code, Section 371.

### COUNT 2 (wire fraud)

The Grand Jury further charges:

1.  From in or about March, 1996, to in or about June,
1998, in the Northern District of Ohio, Western Division, and
elsewhere, defendants, DONALD N. CALHOUN and RONALD D. GRENOBLE,
with other persons known and unknown to the grand jury, willfully
and knowingly devised a scheme and artifice to defraud and obtain
money by means of fraudulent and false pretenses,
representations, and promises, and for the purpose of executing
and in order to effect the scheme and artifice to defraud and

8

obtain money by means of fraudulent and false pretenses, did knowingly transmit and cause to be transmitted communications by means of wire communications in interstate and foreign commerce.

2.   It was part of the scheme and artifice to defraud that defendants, DONALD N. CALHOUN and RONALD D. GRENOBLE, with other persons, solicited investment funds from individuals for a non-existent high yield investment program.

3.   It was further part of the scheme and artifice to defraud, that defendants upon obtaining the investment funds would divert those funds to personal uses and uses unrelated to the purported high yield investment program.

4.   The grand jury realleges and incorporates paragraphs 5a through 5v of Count 1 of the Indictment.

5.   For the purpose of executing and in order to effect the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations, the defendants, DONALD N. CALHOUN and RONALD D. GRENOBLE, caused to be transmitted on or about June 12, 1996, approximately one million eight hundred thousand dollars ($1,800,000), by use of the wires in interstate commerce from the account of Bear Stearns, New York, New York, to the account of Capital Mortgage at Bank of America, Altadena, California.

In violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL.

Foreperson

*William J Edwards*

WILLIAM J. EDWARDS
ACTING UNITED STATES ATTORNEY

Cat03, R&R, Termed

# U.S. District Court
## Northern District of Ohio (Toledo)
## CRIMINAL DOCKET FOR CASE #: 3:02-cr-00807-DAK-1
### Internal Use Only

Case title: USA v. Calhoun, et al

Other court case number: 3:03-mj-00362 WD INTERIN

Date Filed: 12/04/2002

Date Terminated: 03/29/2004

Assigned to: Hon. David A. Katz

*CR-07-238-PA*

**Defendant**

**Donald N Calhoun** (1)
*TERMINATED: 04/01/2004*

represented by **Spiros P. Cocoves**
610 Adams Street
Toledo, OH 43604
419-241-5506
Fax: 419-242-3442
Email: scocoves@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:371 CONSPIRACY (1) | Committed to custody of Bureau of Prisons for period of 37 months on counts 1 & 2 to be served concurrently; No fine; Restitution: $1,655.000.00 3 years supervised release; Special Assessment $200.00. |
| 18:1343 WIRE FRAUD (2) | Committed to custody of Bureau of Prisons for period of 37 months on counts 1 & 2 to be served concurrently; No fine; Restitution: $1,655.000.00 3 years supervised release; Special Assessment $200.00. |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Highest Offense Level (Terminated)**

**Disposition**

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: _____
Deputy Clerk

None

**Complaints**                                                    **Disposition**

None

---

**Plaintiff**

**United States of America**                 represented by   **Thomas A. Karol**
                                                              Office of the U.S. Attorney - Toledo
                                                              Northern District of Ohio
                                                              Ste. 308
                                                              Four SeaGate
                                                              Toledo, OH 43604
                                                              419-259-6376
                                                              Fax: 419-259-6360
                                                              Email: thomas.karol@usdoj.gov
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2002 | 1 | INDICTMENT by USA Counts filed against Donald N Calhoun (1) count(s) 1, 2, Ronald D Grenoble (2) count(s) 1, 2 ( 10 pgs) (D,N) (Entered: 12/06/2002) |
| 12/04/2002 | 2 | ORDER by Judge David A. Katz case referred to Mag. Judge Vernelis K. Armstrong for hrg and determination of all PT issues, filing of a R&R, entry of an order, or such other action, as appropriate (issued on 12/4/02) 1 pg(s) (D,N) (Entered: 12/06/2002) |
| 12/06/2002 | | ARREST Warrant issued on 12/6/02 for Donald N Calhoun by Judge John W. Potter ( 1 pgs) (D,N) (Entered: 12/06/2002) |
| 01/23/2003 | 8 | ORDER by Mag. Judge Vernelis K. Armstrong; deft Ronald Grenoble appeared on 1/22/03 for initial appearance and arraignment; status rpt and/or motion filing ddl of 2/25/03 was set; time deemed excludable pursuant to 18 USC 3161(h)(8) (issued on 1/23/03) 1 pg(s) (D,N) (Entered: 01/23/2003) |
| 02/24/2003 | 9 | ARREST Warrant returned executed as to defendant Donald N Calhoun ; defendant arrested on 2/20/03 ( 1 pgs) (D,N) (Entered: 02/24/2003) |
| 03/04/2003 | ● | Notice of Hearing. Arraignment set for 3/11/03 at 1:30 p.m. before Magistrate Judge Vernelis K. Armstrong in Room 312 as to Donald N Calhoun (G, D) (Entered: 05/04/2004) |
| 03/11/2003 | 13 | MINUTES: before Mag. Judge Vernelis K. Armstrong dft Donald N Calhoun arraign; deft completed fin'l afdt & is eligible for court appt'd cnsl Spiros Cocoves; deft wv formal reading of & any defects in indictment; deft pleads NG to cts 1 & 2 of indictment; open file case; PT |

| | | |
|---|---|---|
| | | mot ddl 4/8/03 ; delay deemed excludable; deft req bond be cont from CDCA; conditions of bond adopted; deft released on $97,000 bond; secured by property; PTS supv; travel restricted to OH & CDCA; 1 wk ext granted for CDCA to complete bond papers by 3/18/03; no excessive alcohol; no firearms; no illegal drugs; deft to appear when req; deft not to commit any offense while on PT release; deft to incl on fin'l afdt total yr income & is elegible for court app't cnsl; if income incorrect, deft may need to reimburse govt Court reporter: ECRO/Dianne Gowing 2 pg(s) (D,N) (Entered: 03/12/2003) |
| 03/11/2003 | 14 | CJA Form 23 (Financial Affidavit) as to Donald N Calhoun ( 1 pgs) (D,N) (Entered: 03/12/2003) |
| 03/11/2003 | 15 | RULE 40 Documents received from Central District of California, Western Division as to defendant Donald N Calhoun ( 31 pgs) (D,N) (Entered: 03/12/2003) |
| 03/11/2003 | 16 | ORDER setting conditions of release for Donald N Calhoun by Mag. Judge Vernelis K. Armstrong; Deft shall report to PTS for supervision; $97,000 bond deemed secured by property located at: 6613 Arlington Ave., Los Angeles, CA 90043; travel restricted to OH & Central District of CA; refrain from possessing a firearm, destructive device, or other dangerous weapons; refrain from excessive use of alcohol; refrain from use or unlawful possession of a narcotice drug, unless prescribed; 1 wk ext to 3/18/03 to complete bond paperwork in central District of CA ( 3 pgs) (D,N) (Entered: 03/13/2003) |
| 03/11/2003 | 17 | APPEARANCE BOND Posted ( $97,000 property bond) by Donald N Calhoun; property located at 6613 Arlington Ave., Los Angeles, CA 90043 (1 pgs) (D,N) (Entered: 03/13/2003) |
| 03/11/2003 | 18 | ORDER/AGREEMENT TO FORFEIT PROPERTY by Mag. Judge Vernelis K. Armstrong as to deft Donald Calhoun; property located at 6613 Arlington Ave., Los Angeles, CA 90043 (issued on 3/11/03) 1 pg(s) (D,N) (Entered: 03/13/2003) |
| 03/14/2003 | 19 | CJA Form 20 (Appointment of Counsel) by Mag. Judge Vernelis K. Armstrong as to deft Calhoun; Atty Spiros Cocoves appointed 3/5/03 ( 1 pgs) (D,N) (Entered: 03/14/2003) |
| 03/17/2003 | 20 | MOTION to modify conditions of release by Donald N Calhoun ( 2 pgs) (D,N) (Entered: 03/17/2003) |
| 03/19/2003 | | MARGINAL ENTRY granting deft Calhoun's motion to modify conditions of release [20-1]; deft's unopposed req to amd bond conditions to require unsecured bond in amt of $97,000 is gr; all other bond conditions remain unchanged (issued on 3/19/03) Mag. Judge Vernelis K. Armstrong (D,N) (Entered: 03/20/2003) |
| 04/07/2003 | 25 | MOTION to extend time an additional 30 days to file pretrial motions by Donald N Calhoun ( 2 pgs) (D,N) (Entered: 04/07/2003) |
| 04/10/2003 | | MARGINAL ENTRY granting deft Calhoun's unopposed motion to |

| | | |
|---|---|---|
| | | extend time an additional 30 days to file pretrial motions [25-1] ; mot filing ddl ext to 5/8/03 ; delay excluded from Speedy Trial Act in interest of justice (issued on 4/10/03) Mag. Judge Vernelis K. Armstrong (D,N) (Entered: 04/14/2003) |
| 04/16/2003 | | MARGINAL ENTRY granting motion by govt to extend time until 4/24/03 to respond to deft Grenoble's four (4) motions [26-1]; delay excluded from Speedy Trial Act in interest of justice (issued on 4/16/03) Mag. Judge Vernelis K. Armstrong (D,N) (Entered: 04/17/2003) |
| 05/03/2003 | | MARGINAL ENTRY granting motion by govt to stay decision on deft Ronald Grenoble's motions [27-1] (issued on 5/3/03) Judge David A. Katz (D,N) (Entered: 05/05/2003) |
| 05/07/2003 | 30 | MOTION to extend/enlarge time until 5/22/03 to file pretrial motions by Donald N Calhoun ( 2 pgs) (D,N) (Entered: 05/07/2003) |
| 05/13/2003 | | MARGINAL ENTRY granting deft Calhoun's motion to extend/enlarge time until 5/22/03 to file pretrial motions [30-1] ; granted in interest of justice, delay excluded from Speedy Trial Act (issued on 5/13/03) Mag. Judge Vernelis K. Armstrong (D,N) (Entered: 05/14/2003) |
| 05/21/2003 | 32 | MOTION for govt to give notice of its intention to use evidence of other crimes, wrongs or bad acts by Donald N Calhoun ( 4 pgs) (D,N) (Entered: 05/21/2003) |
| 05/21/2003 | 33 | MOTION to dismiss indictment by Donald N Calhoun ( 2 pgs) (D,N) (Entered: 05/21/2003) |
| 05/21/2003 | 34 | MOTION for leave to file additional motions upon receipt of discovery by Donald N Calhoun ( 2 pgs) (D,N) (Entered: 05/21/2003) |
| 05/21/2003 | 35 | MOTION to adopt motions of co-defts by Donald N Calhoun ( 2 pgs) (D,N) (Entered: 05/21/2003) |
| 05/21/2003 | 36 | REQUEST (Motion) for discovery of statements of alleged co-conspirators by Donald N Calhoun (D,N) (Entered: 05/21/2003) |
| 05/21/2003 | 37 | MOTION for disclosure of identity of of expert witnesses by Donald N Calhoun ( 3 pgs) (D,N) (Entered: 05/21/2003) |
| 05/29/2003 | | MARGINAL ENTRY granting govt's motion to extend time until 6/11/03 to respond to deft Grenoble's motions [38-1]; opposition due 6/11/03; delay is excluded from Speedy Trial Act in interest of justice (issued on 5/29/03) Mag. Judge Vernelis K. Armstrong (D,N) (Entered: 05/30/2003) |
| 06/02/2003 | 39 | OPPOSITION by govt to defts' motion to dismiss based upon statute of limitations & pre-indictment delay [33-1], [23-1] ( 16 pgs) (D,N) (Entered: 06/02/2003) |
| 06/02/2003 | 40 | MOTION for reciprocal discovery from defts filed by govt ( 2 pgs) (D,N) (Entered: 06/02/2003) |
| 06/02/2003 | 41 | RESPONSE by govt to defts' [32-1] request for notice of intent to use |

| | | Rule 404 (b) [22-1] evidence ( 2 pgs) (D,N) (Entered: 06/02/2003) |
|---|---|---|
| 06/02/2003 | 42 | OPPOSITION to deft Grenoble's motion for disclosure of grand jury materials [21-1] ( 5 pgs) (D,N) (Entered: 06/02/2003) |
| 06/02/2003 | 43 | RESPONSE by govt to deft Grenoble's [24-1] motion for hearing on admissibility of tape recordings [24-1] ( 6 pgs) (D,N) (Entered: 06/02/2003) |
| 06/02/2003 | 44 | RESPONSE by govt to [37-1] deft Calhoun's motion for disclosure of identity of expert witnesses [37-1] ( 2 pgs) (D,N) (Entered: 06/02/2003) |
| 06/02/2003 | 45 | REPLY by govt [35-1] to deft Calhoun's motion to adopt motions of co-deft [35-1] ( 2 pgs) (D,N) (Entered: 06/02/2003) |
| 06/02/2003 | 46 | REPLY by govt to [34-1] deft Calhoun's motion for leave to file additional motions upon receipt of discovery [34-1] ( 2 pgs) (D,N) (Entered: 06/02/2003) |
| 06/02/2003 | 47 | REPLY by govt to deft Calhoun's [36-1] petition/motion for discovery of co-conspirator stmts [36-1] ( 2 pgs) (D,N) (Entered: 06/02/2003) |
| 06/12/2003 | 48 | SUPPLEMENTAL RESPONSE by govt to defts' motions to dismiss based upon statute of limitations [33-1], [23-1] [23-1] ( 4 w/8 attach pgs) (D,N) (Entered: 06/12/2003) |
| 06/24/2003 | 49 | REPLY brief by defendant Ronald D. Grenoble (7 pgs) (D,N). Modified text on 8/20/2004 to reflect correct defendant (M, C). (Entered: 06/24/2003) |
| 07/01/2003 | 50 | ORDER by Mag. Judge Vernelis K. Armstrong denying motion for disclosure of grand jury materials with brief in support [21-1] denying as moot motion for Rule 404 evidence with brief in support [22-1] denying as moot motion for govt to give notice of its intention to use evidence of other crimes, wrongs or bad acts [32-1] granting motion for hearing on admissibility of recordings [24-1] granting motion for leave to file additional motions upon receipt of discovery [34-1] granting motion to adopt motions of co-defts [35-1] denying application petition [36-1] denying as moot motion for disclosure of identity of of expert witnesses [37-1] granting motion for reciprocal discovery from defts [40-1] (issued on 7/1/03) 7 pg(s) (S,D) (Entered: 07/03/2003) |
| 07/02/2003 | 51 | REPORT AND RECOMMENDATION that motions to dismiss the indictment filed by dfts Calhoun and Grenoble be denied w/out prejudice to be renewed at trial by Mag. Judge Vernelis K. Armstrong ( 10 pgs) (R,Ci) (Entered: 07/08/2003) |
| 07/09/2003 | 52 | AMENDED REPORT AND RECOMMENDATION by Mag. Judge Vernelis K. Armstrong; Mag filed R&R on 7/2/03, addressing motions to dismiss indictment; first paragraph of R&R is amended by interlineation to substitute recommendation for order in first paragraph, line 6, of such R&R ( 2 pgs) (D,N) (Entered: 07/10/2003) |
| 08/04/2003 | 54 | REPLY by govt in opposition to defts' "statement of appeal" from Mag's |

| | | R&R on defts' mots to dismiss based upon statute of limitations [51-1], [33-1], [23-1] [23-1] ( 14 pgs) (D,N) (Entered: 08/05/2003) |
|---|---|---|
| 08/14/2003 | 55 | MEMORANDUM, Opinion and Order: by Judge David A. Katz adopting report & recommendation motion REPORT AND RECOMMENDATION [52-1], denying motion to dismiss indictment [33-1], denying motion to dismiss indictment because statute of limitations has run and because of pre-indictment delay with brief in support [23-1] ; pretrial conference set for 10:00 8/25/03 for Donald N Calhoun, for Ronald D Grenoble as to Donald N Calhoun, Ronald D Grenoble ( 4 pgs) (S,D) (Entered: 08/15/2003) |
| 08/28/2003 | 56 | ORDER by Judge David A. Katz pretrial conference held on 8/25/03 ; jury trial set for 11/12/03 w/imp by Mag Judge on 11/10/03 as to Donald N Calhoun back-up trial set for 12/9/03 with imp by Mag on 12/8/03; time deemed excluded under Speedy Trial Act (issued on 8/28/03) 1 pg (s) (D,N) (Entered: 08/29/2003) |
| 09/24/2003 | 57 | NOTICE of disclosure of expert witness testimony by USA 2 w/16 pgs (D,N) (Entered: 09/25/2003) |
| 09/29/2003 | 58 | ORDER by Judge David A. Katz Court held PT on 9/26/03; jury trial set 11/12/03 vacated & reset for 12/9/03, with impanelment by Magistrate on 12/8/03; time deemed excluded under Speedy Trial Act (issued on 9/29/03) 1 pg(s) (D,N) (Entered: 09/29/2003) |
| 10/23/2003 | 59 | NOTICE of intent to defts to use Rule 404(b) evidence by USA 3 pg(s) (D,N) (Entered: 10/24/2003) |
| 10/29/2003 | 60 | NOTICE by USA of intent to introduce exhibits pursuant to FRE 902(3) and 902(11) 2 pg(s) (D,N) (Entered: 10/30/2003) |
| 11/13/2003 | 61 | MOTION in limine to determine admissibility of audiotapes and transcripts by USA as to Donald N Calhoun, Ronald D Grenoble ( 4 pgs) (D,N) (Entered: 11/14/2003) |
| 11/13/2003 | 62 | NOTICE by USA of intent to introduce exhs prusuant to FRE 807 (2 w/2 attachments pg(s) (D,N) (Entered: 11/14/2003) |
| 11/18/2003 | 63 | PROPOSED JURY Instructions by USA ( 48 pgs) (D,N) (Entered: 11/18/2003) |
| 12/04/2003 | 64 | MOTION to adopt co-deft's motion re: tapes by Donald N Calhoun ( 3 pgs) (D,N) (Entered: 12/04/2003) |
| 12/04/2003 | 65 | MOTION in limine regarding taped conversations by Donald N Calhoun ( 3 pgs) (D,N) (Entered: 12/04/2003) |
| 12/05/2003 | 66 | MINUTES: before Judge David A. Katz; COP hrg held as to deft Calhoun; deft w/draws former plea of NG and enters guilty plea to ct 1 & 2 of indictment; guilty plea accepted by court; deft referred to USPO for presentence report; bond cont (no plea agreement) Court reporter: Rose Cannon 2 pg(s) (D,N) (Entered: 12/05/2003) |
| | | |

| 12/10/2003 | 72 | EXHIBIT/WITNESS list as to deft Grenoble ( 2 pgs) (D,N) (Entered: 12/11/2003) |
|---|---|---|
| 12/12/2003 | 74 | ORDER by Judge David A. Katz denying deft Grenoble's motion for exclusion of evidence incl a January 1997 telephone call [68-1] (issued on 12/12/03) 1 pg(s) (D,N) (Entered: 12/15/2003) |
| 02/03/2004 | 75 | OBJECTIONS by defendant Donald N Calhoun to presentence report; Request for hearing ( 4 pgs) (D,N) (Entered: 02/03/2004) |
| 02/19/2004 | ⬤76 | Notice of Sentencing as to deft Donald N Calhoun set for 3/29/2004 11:30 AM in Courtroom 204 before Hon. David A. Katz. (B, C) (Entered: 02/19/2004) |
| 03/05/2004 | ⬤78 | Sentencing Memorandum by United States of America as to Donald N Calhoun (Karol, Thomas) (Entered: 03/05/2004) |
| 03/29/2004 | ⬤80 | Minutes of proceedings before Judge David A. Katz Sentencing held on 3/29/2004 for Donald N Calhoun (1), Count(s) 1, 2,; Presentence report adopted as part of the record and ordered placed under seal, subject to access for appeal purposes; defendant committed to custody of Bureau of Prisons for period of 37 months on counts 1 & 2; No fine; Restitution: $1,655.000.00 3 years supervised release; Special Assessment $200.00 due immediately; bond continued (Court Reporter Tracy Spore) (N, D) (Entered: 03/29/2004) |
| 04/01/2004 | ⬤82 | Judgment as to Donald N Calhoun (1), Count(s) 1, and 2 Committed to custody of Bureau of Prisons for period of 37 months on counts 1 & 2 to be served concurrently; No fine; Restitution: $1,655.000.00 3 years supervised release; Special Assessment $200.00. Signed by Judge David A. Katz on 4/1/04. (N, D) Modified on 4/1/2004 (N, D). (Entered: 04/01/2004) |
| 04/08/2004 | ⬤85 | SURRENDER ORDER as to Donald N Calhoun. Signed by Judge David A. Katz on 4/8/04. Deft shall surrender to USBP in Victorville, CA by 4/28/04, no later than 2:00 p.m.(B, C) (Entered: 04/08/2004) |
| 05/05/2004 | ⬤ | CJA 20 as to Donald N Calhoun : Authorization to Pay Spiros P. Cocoves. Amount: $ 4590.00, . Signed by Judge David A. Katz on 5/3/04. (R, Ci) (Entered: 05/05/2004) |
| 05/18/2004 | ⬤93 | Judgment Returned Executed as to Donald N Calhoun on 4/28/04 to Victorville, CA. (N, D) (Entered: 05/20/2004) |
| 06/14/2004 | ⬤95 | Transcript of Proceedings as to Donald N Calhoun, Ronald D Grenoble. Sentencing hearing held on March 29, 2004 before Judge Katz. Court Reporter: Tracy Spore. (21 pgs, Complete document on file in clerk's office) (N, D) (Entered: 06/15/2004) |
| 10/28/2004 | ⬤105 | Objection by United States of America to Motion to Strike Clerk's Notice of Garnishment and writ of continuing garnishment [104] as to Ronald D Grenoble. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(C, K A) (Entered: 10/29/2004) |

| 04/07/2005 | ●113 | Motion to Release secured property/bond by Donald N Calhoun. (Cocoves, Spiros) Modified on 4/11/2005 (R, Ci). (Entered: 04/07/2005) |
| 04/08/2005 | ●114 | MARGINAL ENTRY ORDER granting 113 Motion to Release Bond Obligation as to Donald N Calhoun (1). Bond is hereby exonerated. Signed by Judge David A. Katz on 4/8/05. (B, C) (Entered: 04/08/2005) |

CR-07-238 PA

◆AO 245B                                                    (Rev. 12/03) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### Northern District of Ohio
### Western Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | **Case Number: 3:02cr807-01** |
| DONALD N. CALHOUN, | USM Number: 09423-035 |
| | Defendant's Attorney: Spiros Cocoves |
| | Court Reporter: Tracy Spore |

**THE DEFENDANT:**

 pleaded guilty to counts 1 & 2, which was accepted by the Court.

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Defraud the United States | 6/98 | 1 |
| 18 USC 1343 | Wire Fraud, Aiding & Abetting | 6/98 | 2 |

 The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

 It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/29/04
Date of Imposition of Judgment

S/ David A. Katz, United States District Judge
Signature of Judge

4/1/04
Date

I hereby certify that this
instrument is a true and
correct copy of the original
on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By
Deputy Clerk

page 1 of 8

I hereby certify that this instrument is a true and
correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By:
Deputy Clerk

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 37 months on counts 1 & 2 to be served concurrently.

The court makes the following recommendations to the Bureau of Prisons: that the defendant be designated to FCI in Lompoc, CA (closest to his family in Los Angeles, CA).

X       The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      X        as notified by the United States Marshal.

      ☐        as notified by the Probation or Pretrial Services Office.

**Bond is hereby continued.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

      Defendant delivered on _____

to_____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____
          DEPUTY UNITED STATES MARSHAL

page 2 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state or local crime.

**The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

**X   The above drug testing condition is suspended, based on the court's determination that the defendant has no history of substance abuse and the offense is not drug related. Check, if applicable.)**

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement

page 3 of 8

officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

__X__    The defendant shall provide the probation officer with access to any requested financial information.

__X__    The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer.

_____    The defendant shall reside in a community treatment center, halfway house, or similar facility of a period of days/months to begin not later than _____. (Work/medical release privileges granted).

_____    The defendant shall participate in the Home Confinement Program (with / without) electronic monitoring for a period  of _____ days/months, beginning no later than _____ calendar days             The defendant is required to remain at his/her residence unless given written permission to be elsewhere. The defendant may leave his/her residence to work, to receive medical treatment and to attend religious services. The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures and submit to random drug/alcohol test as specified by the Probation Officer. The defendant may participate in the Earned Leave Program.  The defendant (is / is not) to pay the cost of the program. Payment is to be made as directed by the Supervising Home Confinement Officer.

_____    The defendant shall participate in an outpatient program approved  by the U.S. Probation Office for the treatment of  alcohol and/or drug dependency which will include testing to determine if the defendant has reverted to the use of alcohol and/or drugs.

_____    The defendant shall participate in an outpatient mental health treatment program as directed by the Probation Office.

_____    The defendant shall surrender to U.S. Immigration and Naturalization Service for deportation as provided by law, and shall not illegally re-enter or remain in the United States.

_____    The defendant shall not associate with any members of the _____ gang or any other gang or threat group as directed by the probation officer.

_____    The defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purposes of conducting a more through inspection and will consent to having installed on your computer(s), at your expense, any hardware/software to monitor your computer use or prevent access to particular materials.  The defendant consents to periodic inspection of any such installed hardware/software to insure it is functioning properly.

_____    The defendant shall provide the U.S. Probation Office with accurate information about his/her entire computer system (hardware/software); all passwords used by you; and your Internet Service Provider(s) and will abide by all rules of the Computer Restriction and Monitoring Program.

_____    The defendant shall submit his/her person, residence, place of business, computer, or vehicle to a warrantless search,  conducted and controlled by the U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, failure to submit to a search may be grounds for revocation, the defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

_____ The defendant shall perform _____ hours of community service as directed by the Probation Officer.

_____ The defendant shall participate in, and successfully complete, a cognitive restructuring program as instructed by your Probation Officer.

_____ The defendant shall reside and participate in a residential drug treatment program as instructed by your Probation Officer, until discharged by the facility and as approved by your Probation Officer.

__X__ Restitution that is not paid in full at the time of defendant's release shall become a condition of supervision, to be paid at the rate of not less than $300.00 or 10% of gross monthly income, whichever is greater.  Interest waived

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $200.00 | $0.00 | $1,655,000.00 |

☐      The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X      The defendant must make restitution to the following payees in the amount listed below. **Restitution shall be evenly divided between the following victims up to the following amounts per victim:**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee      Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|
| Glenn W & Becky McLaughlin<br>3203 Rods Drive, Sandusky, OH 44870 | $333,000.00 | |
| Stanley L. Jeranko<br>2258 Country Club Loop, Westminster, CO 80234 | $180,000.00 | |
| Patrick S. Markel<br>4395 Hesseltine Rd., Valley, WA 99181 | $300,000.00 | |
| David R. McLaughlin<br>869 Winona Blvd., Rochester, NY 14617 | $102,000.00 | |
| William D. Bruner<br>3712 Hull Rd., Huron, OH 44839 | $450,000.00 | |
| Charlotte A. Earnheart<br>3203 Rods Drive, Sandusky, OH 44870 | $90,000.00 | |
| John Liebenthal<br>3401 Stoneway Dr.,W., Sandusky, OH 44870 | $165,000.00 | |
| Richard L. Dunn<br>P.O. Box 639, Maumee, OH 43537 | $180,000.00 | |
| **TOTALS** | $1,800,000.00 | |

☐      Restitution amount ordered pursuant to plea agreement  $ _____

☐      The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X      The court determined that the defendant does not have the ability to pay interest and it is ordered that:

page 6 of 8

X   the interest requirement is waived for the   ☐   fine   X   restitution.

☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   A special assessment of $200.00   Is due in full immediately as to Counts 1&2.

B   Defendant shall pay restitution in the amount of  $1,655,000.00. Restitution shall be evenly divided between the victims up to the stated amounts per victim.

C   Fine:  -0- The Court has determined that based on a review of the defendant's financial condition and the substantial amount of restitution involved in this case, the Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

**PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT, 1716 Spielbusch, Avenue, Room 114, Toledo, Ohio 43624.**

**Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision, to be paid at the rate of not less than $300.00 or 10% of gross monthly income, whichever is greater. Payments are to commence no later than 30 days after the defendant's release from imprisonment.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

__X__   Fine is waived or below the guideline range because of the defendant's inability to pay.